Noyes, Respondent, vs. The Northwestern National Insurance Company, Appellant.

*October 19 — November 3, 1885.*

*Insurance against fire: "Contained in": Wearing apparel removed for repairs: Increase of risk.*

A seal-skin dolman which was insured as wearing apparel by a policy describing it as "contained in" a certain dwelling-house, was burned while in the store of a furrier to which it had been sent for repairs. *Held,* that the insurer was liable, although the risk of loss was greater in such store than in the dwelling-house designated.

APPEAL from the County Court of *Milwaukee* County. The defendant issued to the plaintiff its policy of insurance, by which it insured him against loss by fire to the amount of $2,000, as follows: " On household furniture, useful and ornamental, beds, bedding, linen, family wearing apparel, printed books and music, silver plate and plated ware, pictures, paintings, engravings, and mirrors, and their frames, at not exceeding actual cost, pianoforte, and sewing-machine, if any, fuel and family provisions, all contained

in the two-storied frame dwelling-house occupied by the assured, and known as 302 Farwell avenue, Milwaukee, Wisconsin." During the term of the policy the plaintiff sent a seal-skin dolman, which was part of the wearing apparel thus insured, to the store of T. A. Chapman & Co., in the city of Milwaukee, for repairs. The dolman was originally purchased by the plaintiff of that firm, and that was a proper place to send it for such purpose. When not in use, the usual place of deposit of the dolman was in the dwelling-house, 302 Farwell avenue, designated in the policy. On the same day the dolman was so sent for repairs, and before it could have been repaired in the usual course of business, the store of Chapman & Co., and its contents, including the dolman, were destroyed by fire.

This is an action on the policy to recover for such loss. On the above facts the county court found as conclusions of law as follows: "*First.* That the words 'contained in,' as used in said policy, are to be construed with reference to the property to which they are to be applied,— in this case a part of the family 'wearing apparel,'— and mean that the dwelling-house of the plaintiff was the usual place of deposit of such wearing apparel, when not absent therefrom for temporary purposes incidental to its customary use and enjoyment. *Second.* That the taking and leaving of said dolman at the store of T. A. Chapman & Co., as above found, was incidental to the ordinary and customary use and enjoyment of such property, and the same was not absent from its usual place of deposit in the plaintiff's dwelling-house an unreasonable length of time. *Third.* That the plaintiff is entitled to recover against the defendant the value of said garment so destroyed by fire, to wit: the sum of $250, with interest on the same from the 24th day of October, A. D. 1884, and the costs of this action." The defendant appeals from the judgment for the plaintiff entered pursuant to such conclusions of law.

For the appellant there was a brief by *Jenkins, Winkler & Smith*, of counsel, and oral argument by *C. H. Van Alstine*. To the point that as a general rule the words " contained in," as applied to a description of personal property in an insurance policy, restrict the risk to the place mentioned, they cited *Wall v. E. River Mut. Ins. Co.* 7 N. Y. 370; *Boynton v. C. & E. Mut. Ins. Co.* 16 Barb. 254; *Bryce v. Lorillard F. Ins. Co.* 55 N. Y. 240; *Iron Foundry v. H. S. & Mut. F. Ins. Co.* 1 Cliff. 300; *Harris v. Royal Can. Ins. Co.* 53 Iowa, 236; *N. Amer. F. Ins. Co. v. Throop*, 22 Mich. 146; *Lycoming Co. Ins. Co. v. Updegraff*, 40 Pa. St. 311, 321; *Hartford F. Ins. Co. v. Farrish*, 73 Ill. 166; *Sampson v. Security Ins. Co.* 133 Mass. 49; *Hews v. Atlas Ins. Co.* 126 id. 389; *English v. Franklin Ins. Co.* 21 N. W. Rep. 340; *A. & E. R. Co. v. Baltimore Ins. Co.* 32 Md. 37; Wood on Fire Ins. 109–112. The right of removal for repairs, if it existed, was restricted to such place as would not materially increase the hazard, as the policy expressly provides that if the risk shall be increased by any means whatever within the control or knowledge of the insured without the assent of the company, it shall be void.

For the respondent there was a brief by *Markham & Noyes*, and oral argument by *Mr. Noyes*. They argued, *inter alia*, that if the words " contained in " admit of two interpretations, that which will sustain the claim of the assured and cover his loss must in preference be adopted. May on Ins. sec. 175; *Sawyer v. Dodge Co. Mut. Ins. Co.* 37 Wis. 524–538; *Wakefield v. Orient Ins. Co.* 50 id. 540. To the point that the construction given by the court below was the proper one, they cited, besides cases cited in the opinion, May on Ins. sec. 219; *Pelley v. Royal Ex. Ass. Co.* 1 Burr. 341; *Carr v. Roger Williams Ins. Co.* 13 Ins. Law J. 443; *Pittsburg R. Co. v. Charlestown M. F. Ins. Co.* 7 Gray, 64; *Farmers' L. & T. Co. v. Harmony F. & M. Ins. Co.* 41 N. Y. 619; *Billings v. Tolland Co. M. F. Ins. Co.* 20

Conn. 139; *Bond v. Gonsales*, 2 Salk. 445, 443. The same reasoning has frequently been applied in reference to the provision in policies providing that if the premises insured should become " vacant " or " unoccupied " the policy should be void. This provision " is to be construed in view of the situation and character of the property insured, and the ordinary incidents and contingencies affecting the use to which this and other property of like character similarly situated is subject." *Whitney v. Black River Ins. Co.* 72 N. Y. 117; *Cummins v. Agricultural Ins. Co.* 67 id. 260; *Herrman v. Merchants' Ins. Co.* 81 id. 184; Wood on Fire Ins. sec. 184. The distinction between a permanent, or unusual, change in use or location, and a temporary change incident to the ordinary enjoyment, is recognized in *May v. Buckeye Mut. Ins. Co.* 25 Wis. 304, 305; and the duty of a company seeking to limit the operation of its contract, to make such limitations in clear and explicit terms, in *Wakefield v. Orient Ins. Co.* 50 id. 532. See, also, Wood on Fire Ins. secs. 59, 184; May on Ins. secs. 224, 231, 241, 248; *Townsend v. Northwestern Ins. Co.* 18 N. Y. 168. The clause in the policy as to an increase of risk does not pertain to personal property insured, but only " to premises," which means real estate or buildings. See May on Ins. secs. 228–243; *Carr v. Roger Williams Ins. Co.* 13 Ins. Law J. 443. It prohibits only a new and different use of the property from that to which it was applied when the policy was issued. *Whitney v. Black River Ins. Co.* 72 N. Y. 122.

LYON, J. The decision of this case turns entirely upon the effect of the words " contained in," as used in the policy to specify the location of the insured property. In a policy upon personal property, which, from its character and ordinary use, is kept continuously in one place, as a stock of merchandise, machinery in a building, household furniture, or goods stored, the rule undoubtedly is that the location of

the property designated in the policy is an essential element of the risk, and usually a continuing warranty. In such a case the policy covers the goods only so long as they remain in the designated place; and if they are destroyed elsewhere, the insurer is not liable for the loss.

It is maintained by the plaintiff that the rule is not applicable to a case where the insured property is of such a character that its temporary removal or absence from the specified place is necessarily incident to its use and enjoyment, and such use may be presumed to have been in contemplation of the parties when they made the contract of insurance. It is also claimed that in such a case the location of the property is specified in the policy merely to designate the accustomed place of deposit when the property is not absent therefrom in the course of its ordinary use; and if the property be burned when so absent (the place of deposit remaining unchanged), the insurer is liable for the loss.

This is such a case. The dolman was a garment for outdoor wear, and necessarily would be chiefly used away from the designated dwelling-house. It would or might be necessary from time to time to send it to a furrier for repairs; and it was liable to be burned when so absent from the place of deposit. It must be presumed that the parties entered into the contract of insurance in contemplation of these incidents, for they are matters of common knowledge.

Under these circumstances, we think the rule contended for by the plaintiff is eminently reasonable and just when applied to this case. It is abundantly sustained by the adjudications of courts of high authority, supported by arguments which are entirely satisfactory to us. We can only refer briefly to some of the cases.

In *Peterson v. Mississippi Valley Ins. Co.* 24 Iowa, 494, the policy insured, with other property, "seven horses, . . . situated section 22," etc. The policy (like the one

in suit) contained the usual stipulation that if the risk should be increased by any means, without the assent of the insurer, the policy should become void. The assured, a farmer, while hauling his grain to market with two of the horses, put up for the night at a hotel, distant from section 22. During the night the hotel barn in which the horses were stabled was destroyed by fire, and one of the insured horses was burned to death. Held, that the risk was not limited to the use of the horses on section 22, but extended to the usual and ordinary use of them elsewhere, and that the company was liable for the loss of the horse.

*Mills v. Farmers' Ins. Co.* 37 Iowa, 400, was a policy insuring "live-stock on premises situated sec. 7, 76, 27." A horse owned by the insured, and usually kept on the designated premises, was killed by lightning at a place six miles distant from such premises, when the owner was driving him to mill. Held, that the insurer was liable.

In *McCluer v. Girard F. & M. Ins. Co.* 43 Iowa, 349, the policy covered a phaeton "contained in a frame barn," and the vehicle was destroyed by fire while at a carriage shop undergoing repairs, and where it was subject to an increased risk. The insurance company was held liable for the loss.

In *Longueville v. Western Assurance Co.* 51 Iowa, 553, the policy covered "family wearing apparel contained in two-story frame dwelling on lot 6," etc. While riding in a sleigh along a street certain wearing apparel of the assured was burned. Held, the loss was recoverable under the policy.

In *Everett v. Continental Ins. Co.* 21 Minn. 76, the property insured was a threshing-machine "stored in barn on sec. 36, T. 23, R. 28, owned and insured by L. L. Chaffin." The machine was burned when standing in a field on that section. The company was held liable. Judge BERRY, delivering the opinion of the court, said: "But whatever might have been the purpose of the location of the machine

in the application and policy, there is no ground whatever for contending that it was, in letter or in spirit, a promissory stipulation on the part of the insured, or a condition of insurance on the part of the insurer, that this location should remain unchanged, or, if changed, that while changed the insurance should cease or be suspended. *Smith v. Mechanics' & Traders' Ins. Co.* 32 N. Y. 399, and cases cited; *Blood v. Howard Fire Ins. Co.* 12 Cush. 472; Fland. Ins. 241, 255, 269, 485."

*Holbrook v. St. Paul F. & M. Ins. Co.* 25 Minn. 229, is a case in which mules were insured as being all contained in a certain barn. For the purpose of plowing, and also of repairing such barn, they were removed to another barn on another section, where the loss occurred. The company was held liable under the policy for the loss. There is a valuable note to this case by the editor of the Insurance Law Journal (8 Ins. Law J. 793), in which many cases bearing upon this question are cited and commented upon. *London & Lancashire Fire Ins. Co. v. Graves* (Superior Court Ky.), 12 Ins. Law J. 308, is very closely in point. Buggies were insured as "contained in" a certain livery-stable. They were burned while in a carriage factory for repairs. Held, that the absence of the buggies from the designated place of deposit for repairs was an incident of their use and permitted by the policy, and that the insurer was liable.

The same doctrine is recognized by the supreme court of Rhode Island in *Lyons v. Providence Washington Ins. Co.* 12 Ins. Law J. 188; but in that case there was a permanent removal of the insured property from the place designated in the policy, and for that reason the insurer was relieved from liability.

The question we are considering is now first presented to this court. It is doubtless true that there is conflict in the cases in which it has been considered. It is our duty to choose between these conflicting lines of adjudication, and

to adopt the doctrine which best commends itself to our judgment. We discharge this duty when we hold (as we do) that the words in the policy, "contained in the two-story frame dwelling-house," etc., when applied to the dolman in question, do not constitute a continuing warranty that the same shall always be kept in such dwelling, which would relieve the insurer from liability should it be burned elsewhere; but they are only a warranty that the place designated shall be the usual place of deposit when the dolman should not be in customary use elsewhere, and if burned when in such use it is still covered by the policy, and the insurer is liable. Also that it was a reasonable and proper use of the dolman to send it to the furrier for repairs, and it is immaterial that the risk of loss was greater in the furrier's store than in the dwelling-house designated in the policy. The learned county judge so held, and the judgment is in strict accord with his conclusions of law.

*By the Court.*— Judgment affirmed.