ROSENTHAL and others, Respondents, vs. INSURANCE COMPANY OF NORTH AMERICA, Appellant.

*October 9—October 27, 1914.*

*Insurance against fire: Construction of policy: Statutory form: Horses insured "while contained in" a certain barn "and not elsewhere:" Liability for loss elsewhere: Waiver.*

1. The rule that policies of insurance are to be liberally construed in favor of the insured because the insurer has prepared the contract, is inapplicable so far as the wording of the policy is prescribed by statute; but, under a fundamental rule, in cases of ambiguity a policy should be construed in favor of indemnity to the insured, rather than as useless or nugatory.

2. The description of the property, including horses, covered by a fire insurance policy used the words "all while contained in" a certain barn, and the policy also stated, in the form prescribed by statute, that the insurance was against loss or damage to the "described property while located and contained as described herein *and not elsewhere.*" *Held*, that there was no ambiguity and that the insurer was not liable for loss of the horses while they were in another building, to which they had been taken for the night because the barn mentioned in the policy was being repaired. *Noyes v. N. W. Nat. Ins. Co.* 64 Wis. 415, and other cases, distinguished.

3. In an action upon such policy, a complaint stating that the insurer knew that, as the horses were used in plaintiffs' business,

it was customary, usual, and necessary for them to be in various parts of the city and county, and knew or ought to have known that it might become necessary to house them temporarily in some other place than that described in the policy by reason of some contingency or unforeseen event, and that the repairs on the barn described were such an unforeseen and unanticipated event, and the removal of the horses to the place in which they were burned was necessarily incident to their use by plaintiffs, does not allege anything which would make the policy enforceable by waiver on the part of the insurer. The scope of the policy cannot in such a case be extended by waiver.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

The appeal is from an order overruling a demurrer to the complaint.

For the appellant there was a brief by *Gill & Barry,* and oral argument by *A. R. Barry.* They cited, among other authorities, 1 Cooley, Briefs on Insurance, 740, 741; *L'Anse v. Fire Asso.* 119 Mich. 427, 78 N. W. 465, 43 L. R. A. 838; *Bahr v. Nat. F. Ins. Co.* 80 Hun, 309, 29 N. Y. Supp. 1031; *Haws v. St. Paul F. & M. Ins. Co.* 130 Pa. St. 113, 15 Atl. 915, 18 Atl. 621, 2 L. R. A. 52; *British Am. Assur. Co. v. Miller,* 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545; Richards, Insurance (3d ed.) § 235; 19 Cyc. 741; *Green v. Liverpool & L. & G. Ins. Co.* 91 Iowa, 615, 60 N. W. 189.

*Michael Levin,* for the respondents.

TIMLIN, J. The amended complaint claimed damages on account of the loss by fire of two horses in a building at 924 Walnut street, Milwaukee. The horses were insured according to the written portion of the policy, "all while contained in the frame brick front barn situated at rear 425 Fifth street, Milwaukee, Wis."

Sec. 1941—43, Stats., being the statute form of policy authorized in this state, requires such policy to state that the insurer does insure . . . "against all direct loss or damage

by fire, except as hereinafter provided, to an amount not exceeding ―――― dollars to the following described property while located and contained as described herein and not elsewhere." The parties are permitted to select their description. The policy in question, in addition to the stipulation first above quoted, contained this latter requirement of the standard form. The complaint then avers that on or about the 9th of March, 1913, it was necessary to remove the horses from the described building in the rear of 425 Fifth street to the building in which they were burned because the former building was undergoing repairs and interior rearrangement, making it impossible to keep the horses there, and that the horses were taken for the night of March 9th to the Walnut-street premises and there destroyed by fire. The fire risk at the Walnut-street premises was less than that at the Fifth-street premises. The plaintiffs used the horses in the business of delivering and receiving goods, wares, and merchandise to and from various parts of the city and county of Milwaukee, and the defendant knew the purposes for which the horses were used, and knew it was customary, usual, and necessary for said horses to be in various parts of the city and county of Milwaukee; that prior to the fire in question the horses had spent a night or two temporarily in other barns, and the defendant knew or ought to have known that it might become necessary to house the said horses temporarily in some other place than that described in the policy by reason of some contingency or unforeseen event which could not have been anticipated at the time of the issue of the said policy, and that the repairs at the Fifth-street premises were such unforeseen and unanticipated event and the removal of the horses to the Walnut-street barn necessarily incident to the use of said horses by the plaintiff.

A demurrer to this complaint was overruled and the defendant appeals.

It has been ruled many times that policies of insurance are to be liberally construed in favor of the insured because the insurer has prepared the contract. This reason for such construction would seem to drop out in case of a contract prescribed in its details by statute, at least so far as the statute covered such details. *Temple v. Niagara F. Ins. Co.* 109 Wis. 372, 85 N. W. 361; *Hewins v. London Assur. Corp.* 184 Mass. 177, 68 N. E. 62. But another and more fundamental rule of construction, applying alike to statutes and contracts, is that the writing must in case of ambiguity be considered valid and efficient to work out the ascertained object of the writer, *i. e.* in favor of indemnity to the insured, rather than useless or nugatory. This is considered with reference to policies of insurance in 1 May, Ins. (4th ed.) § 174, p. 342, and cases there cited. Also 1 Phillips, Ins. sec. 124, p. 76; 2 Lewis's Sutherland, Stat. Constr. (2d ed.) § 370 *et seq.* But this does not mean that clear expressions should be distorted or that language should not be given its ordinary meaning. It is well known that fire risks and fire insurance rates vary greatly in different portions of a large city. And for this reason the fire insurance of chattel property of a kind that is not usually destroyed by fire except in connection with the burning of a building while contained in a designated building, is a very important stipulation in the policy. It affects the rates and affects the risk. When to this stipulation is added the words "and not elsewhere," great emphasis and certainty is given to the stipulation, and it is also to be considered that the statute authorizes a policy to be limited to a designated place to insure the property against loss only while at that place and not elsewhere, leaving it to the parties to insert such written description of the place and the scope of the insurance in this respect as they see fit.

It has been held in *Noyes v. N. W. Nat. Ins. Co.* 64 Wis.

415, 25 N. W. 419; where the policy of insurance was upon a sealskin coat "contained in the two-storied frame dwelling house occupied by the assured, and known as 302 Farwell avenue," and the coat was destroyed by fire while in a downtown store for repair, there existed a liability on the policy. Argument was made by plaintiffs' counsel to the effect that where the insured property is of such a character that its temporary removal or absence from the specified place is necessarily incident to its use and enjoyment and such use may be presumed to have been in contemplation of the parties when they made the contract of insurance, then and in that case the location of the property is specified in the policy merely to designate the accustomed place of deposit when the property is not absent therefrom in the course of its ordinary use; and that when the property is burned when so absent, the principal place of deposit remaining unchanged, the insurer is liable. This argument was approved in the opinion. *Peterson v. Mississippi Valley Ins. Co.* 24 Iowa, 494, relating to horses "situated upon section 22;" *Mills v. Farmers' Ins. Co.* 37 Iowa, 400, relating to horses "on premises situated in section 7;" *McCluer v. Girard F. & M. Ins. Co.* 43 Iowa, 349, relating to the phaeton "contained in the frame barn;" *Longueville v. Western Assur. Co.* 51 Iowa, 553, 2 N. W. 394, relating to family wearing apparel "contained in two-story frame dwelling on lot 6;" *Holbrook v. St. Paul F. & M. Ins. Co.* 25 Minn. 229, relating to mules contained in a certain barn; *London & L. F. Ins. Co. v. Graves,* 12 Ins. Law Jour. 308, relating to buggies contained in a certain livery stable, are cited and approved and selected from other decisions understood by the court to be to the contrary.

It is noticeable that in *Noyes v. N. W. Nat. Ins. Co., supra,* and the other cases therein referred to the language as understood by this court in the *Noyes Case* was not as restrictive as that in the instant case.

In *Lathers v. Mut. F. Ins. Co.* 135 Wis. 431, 116 N. W. 1, it was said in deciding a like point:

"There is left to be determined this question of law: In case of insurance of a farm barn and of live stock customarily kept therein when not in use against loss by fire, the live stock being described as 'therein, on the farm and from lightning at large,' is risk of loss of the stock by fire while, temporarily and according to custom, off the farm, included in the contract, there being no negative thereof expressly or by necessary inference, other than suggested by the words 'therein, on the farm,' etc.? The proposition is ruled in the affirmative, as respondent's counsel contend and the trial court decided, by *Noyes v. N. W. Nat. Ins. Co.* 64 Wis. 415, 25 N. W. 419. . . . The rule involved is one of construction. The idea is that the dominant purpose of the insurance being protection against loss from specified causes it could not be effectuated if the language of the policy restricted liability to loss occurring while the subject of the insurance remained in its customary location when not in use, incidental changes, as matter of common knowledge, being necessary to the enjoyment of the property in the ordinary way. . . . The rule is particularly applicable to horses because of the fact that the use thereof for any purpose is commonly outside of a barn and because, on a farm, even when not in use they are commonly turned out to pasture."

As observed in the case last cited, policies of insurance written in this state and conforming substantially to the policy in question in *Noyes v. N. W. Nat. Ins. Co., supra,* must be considered to have been made with reference to the existing law of this state as there declared, which entered into and became a part of such contract. That case remains unshaken. The instant case, however, presents a different question. When the contract of insurance is so varied that the words describing the location of the insured chattels are prefaced by the word "while" and followed by the words "and not elsewhere," so as to read "while located and contained as described herein and not elsewhere," does the rule

of *Noyes v. N. W. Nat. Ins. Co., supra,* obtain? We think not. Express words exclude the implication which controlled in *Noyes v. N. W. Nat. Ins. Co.,* and it falls within the rule of *McKeesport M. Co. v. Ben Franklin Ins. Co.* 173 Pa. St. 53, 34 Atl. 16, cited by respondent, and *Green v. Liverpool & L. & G. Ins. Co.* 91 Iowa, 615, 60 N. W. 189; 19 Cyc. 741; and *Haws v. St. Paul F. & M. Ins. Co.* 130 Pa. St. 113, 18 Atl. 621, 2 L. R. A. 52, cited by appellant.

Upon this question of construction the implication that the property is covered although not in the designated place but elsewhere, arising from the known nature and uses of the property, is negatived by the express words of the policy in the instant case. The law permits a contract of insurance against loss by fire to be limited to loss in a specified building if the parties so agree. Also to be unlimited as to place of loss if the parties so agree. Also to be worded as in *Noyes v. N. W. Nat. Ins. Co., supra.* Neither is illegal, harsh, or unusual. It is in all such cases a question of the intention of the parties, and the first and most decisive test of the intention of the parties to a written contract is the language employed. If the words "while contained in the frame brick front barn situate at the rear of 425 Fifth street and not elsewhere" are not sufficient, what form of expression would be? The statute form of policy employing these words was adopted after the decision in the *Noyes Case, supra,* and it seems to reject the words there considered and select a new, more exclusive and emphatic form of expression for the purpose of enabling the parties to get away from the rule of the *Noyes Case* if they wish to do so. To hold that they cannot do so by the form of expression used here, but may do so by some form of expression differing in words but identical in meaning, would seem to be a sort of decree of outlawry against these useful and expressive words. We cannot think there is alleged anything which would make the policy enforceable by waiver on the part of the insurer.

The objection here does not go to the validity of the policy, which might be overcome by the larger evident intention that indemnity was intended, nor to a forfeiture or loss of a right or claim thereunder, but concerns only the scope of the insurance; that is to say, the interpretation of the written contract actually entered into. In cases of ambiguity this might be affected by extrinsic circumstances, but there is here no ambiguity. The property might be insured generally or only while it was contained in a specified building and not elsewhere, and the language employed shows that the parties selected the latter kind of insurance. Sec. 1941—62 provides how waiver shall be made, viz. not at all as to some stipulations of the policy; by writing only, added to the policy, as to others. There might be waiver of a forfeiture or of a breach of contract, but waiver as a ground for extending the scope of a written contract beyond the usual and ordinary meaning of the language employed would be quite a novelty.

*By the Court.*—Order reversed, and the cause remanded for further proceedings according to law.