FROZINE, Respondent, vs. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant.

*March 7—April 3, 1928.*

*Insurance: Construction of standard or statutory policy: When premises are vacant or unoccupied: Hotel building used by unauthorized person for sleeping purposes.*

1. The rule in construing insurance policies that they will be construed liberally in favor of the insured does not apply to a standard or statutory policy.   p. 496.
2. A provision in a standard fire insurance policy that the insurer "shall not be liable for loss or damage . . . while a described building . . . is vacant or unoccupied beyond a period of ten days" is plain and unambiguous, and requires no construction other than to determine the meaning of the term "unoccupied." p. 497.
3. The use of a building for mere sleeping purposes by one not authorized to do so by the owner is not an "occupancy" within the provision of a standard fire insurance policy that the insurer shall not be liable for loss while the building is "unoccupied."   p. 498.

APPEAL from a judgment of the circuit court for Marquette county: CHESTER A. FOWLER, Circuit Judge. *Reversed, with directions.*

This is an action on a standard fire insurance policy covering a hotel, which was occupied, when the policy was issued, by the lessee of the plaintiff. The lessee moved out

and thereafter the hotel was burned before the building had been re-occupied as a hotel.

The case was tried before the court and a jury. The jury rendered a special verdict, and judgment was entered thereon for the plaintiff. The defendant appeals.

For the appellant there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *W. H. Farnsworth.*

For the respondent there was a brief by *John F. Conant* of Westfield, attorney, and *Goggins, Brazeau & Graves* of Wisconsin Rapids, of counsel, and oral argument by *Mr. Conant.*

CROWNHART, J. The appellant's first contention is that the hotel was vacant and unoccupied for more than ten days prior to the fire, contrary to the provisions of the policy, as follows:

"Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage . . . while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days."

There is no substantial dispute as to the facts. When the building was insured it was occupied by a tenant as a hotel and boarding house. The policy was for one year from December 11, 1925. The tenant vacated the place September 29, 1926, leaving the same furnished. The agent at the depot, Mr. Kramer, with permission from the owner, occupied a room in the building and cooked some of his meals there, from September 29th to the morning of October 5th. From October 5th to the Tuesday preceding the fire on Sunday, October 17th, Mr. Neff occupied a room in the building, nights. He occupied the room October 5th, at the suggestion of Kramer, but without permission of the owner then or at any time. Kramer had no authority to permit Neff to occupy the building. The owner of the building claims that he learned by hearsay that Neff was

sleeping in the building, but it appears without dispute that Neff's occupancy of a room in the building was wholly without authority.

The respondent contends that such occupancy of Kramer and Neff, together with the fact that the hotel was furnished, was sufficient to comply with the terms of the policy. He relies on the rule that forfeitures are not favored, and that insurance contracts are construed most favorably to the insured.

It must be remembered that the policy of insurance was a standard policy, which is of statutory origin. Prior to the standard policy, the courts recognized that policies of insurance were prepared by the insurer and that the terms were often harsh and little understood by the insured. For this reason the courts adopted the rule of construing policies liberally in favor of the insured. But with the advent of the standard or statutory policy we have a different rule. In *Rosenthal v. Insurance Co. of N. A.* 158 Wis. 550, 553, 149 N. W. 155, this court said:

"It has been ruled many times that policies of insurance are to be liberally construed in favor of the insured because the insurer has prepared the contract. This reason for such construction would seem to drop out in case of a contract prescribed in its details by statute, at least so far as the statute covered such details."

In *Prentiss-Wabers S. Co. v. Millers M. F. Ins. Asso.* 192 Wis. 623, 627, 628, 211 N. W. 776, 213 N. W. 632, we said:

"This provision, which is statutory in character, declares a rule of public policy binding alike upon the insured and the insurer and avoids the insurance."

In *Kitch v. Northwestern Nat. Ins. Co.* 189 Wis. 378, 389, 207 N. W. 716, the rule of construction is stated as follows:

"While every reasonable inference should be made to sustain insurance written and accepted in good faith, that does

not mean that facts should be distorted and unnatural and unreasonable inferences resorted to."

The principal idea inherent in the expression "vacant or unoccupied," as used in a fire insurance policy, is to avoid increased hazard. *Ohio Farmers Ins. Co. v. Vogel* (Ind. App.) 75 N. E. 849; *Republic County M. Ins. Co. v. Johnson,* 69 Kan. 146, 76 Pac. 419. In *Fitzgerald v. Connecticut Fire Ins. Co.* 64 Wis. 463, 25 N. W. 785, this court defined the meaning of "unoccupied" as follows:

"For a dwelling house to be in a state of occupation there must be in it the presence of human beings as at their customary place of abode, not absolutely and uninterruptedly continuous, but that must be the place of usual return and habitual stoppage."

In the instant case the tenant had moved out, with no intention of returning. He had vacated the premises with the knowledge of the owner. No other person had succeeded to the tenancy, and the hotel was no longer used as a hotel or boarding house. It did not even have any one in the village in charge of it. It is a matter of common knowledge that a building so vacated is subject to increased hazards of fire; at any rate the provision in the policy is explicit that the insurance company is not liable if a fire should occur while the building is unoccupied for more than ten days prior to the fire. The language is plain, unambiguous, and requires no construction, other than to determine the meaning of the term "unoccupied."

The respondent contends that "a house is not vacant when it contains some furniture or some of the belongings of the one occupying same with authority, even when confined to a single room or when some one with authority is there as a rule some portion of each day, whether an ordinary dwelling, or boarding house, or other building, and is not unoccupied when there is with authority a watchman, a caretaker, or some one who sleeps in same at night." But to sustain the respondent we would have to go further and say

that a building occupied by one without authority—one who is a mere trespasser—is occupied within the meaning of the statutory requirement. That would result in distorting the natural and reasonable inferences to be drawn from the plain language.

We are satisfied that the court was in error in holding that the use of the building by Neff for mere sleeping purposes, wholly without authority of the owner, was an occupancy such as was contemplated by the language of the policy or by the parties thereto.

There are other assignments of error which, in view of our decision as to occupancy, are unnecessary to be considered.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.