ETHEL WILCOX *vs.* THE MASSACHUSETTS PROTECTIVE
ASSOCIATION, INCORPORATED.

Suffolk.   January 16, 17, 1928, January 2, 1929. — February 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, &
SANDERSON, JJ.

*Insurance*, Accident: notice to insurer. *Words*, "Immediate notice," "As soon as reasonably possible." *Contract*, Construction. *Notice*.

A policy of accident insurance issued by a Massachusetts corporation, called an "Association," contained the following among its "Standard Provisions": "Written notice of injury or of sickness on which claim may be based must be given to the Association within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the Association. . . . Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible." The insured suffered an accident on July 14 and was taken to a hospital. On July 19, he signed a notice of disability, which the beneficiary helped to prepare and which was received by the corporation on July 21. In the early morning of July 22, he died in Chelsea, where a funeral was held on July 23. He was buried in Washington in the District of Columbia on July 24. On Sunday, July 27, the beneficiary mailed in Philadelphia, Pennsylvania, addressed to the corporation at the home office, a correspondence card

stating merely that the insured had died on July 22. At the trial of an action by the beneficiary upon the policy, the foregoing facts were not in dispute. A motion that a verdict be ordered for the defendant was denied. *Held*, that

(1) The requirements of the quoted provisions of the policy as to notices of injury, sickness and death were separate and distinct: where death followed disability, it was a condition precedent to recovery upon the policy that "immediate notice" of the death after it occurred be given to the company "as soon as . . . reasonably possible";

(2) The facts presented the question, whether there had been due diligence in sending the notice with reasonable promptness in the circumstances;

(3) The facts not being in dispute, that question was to be determined by the court and not by the jury;

(4) In the circumstances, the delay by the plaintiff for five days after the death and until the third day after the funeral in mailing a simple, untechnical notice to the defendant as a matter of law was not a compliance with the requirements of the policy of an "immediate notice," or of a notice to be given "as soon as was reasonably possible"; SANDERSON, J., dissenting.

(5) Judgment was ordered for the defendant.

The general rule that reasonable doubts arising from the language of a policy of insurance should be resolved against the insurer is not applicable to terms which the insurer is required by legislative act to incorporate; and such rule loses much of its force when the insurer has adopted the language of the statute in clauses not required, but expressly permitted, by the statute.

CONTRACT upon a policy of accident insurance issued by the defendant, a Massachusetts corporation. Writ dated May 11, 1925.

In the Superior Court, the action was tried before *Macleod*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $5,736.50. The defendant alleged exceptions.

This case was argued at the sitting of the court in January, 1928, by *S. C. Rand*, (*S. H. Babcock* with him,) for the defendant, and *J. E. Young*, (*J. W. Hathaway* with him,) for the plaintiff, before *Rugg*, C.J., *Braley*, *Pierce*, *Carroll*, & *Sanderson*, JJ., and afterwards was submitted on briefs to all the Justices. It was afterwards reargued on briefs by *F. H. Nash* & *S. C. Rand*, for the defendant, and *J. W. Hathaway* & *Arthur P. French*, for the plaintiff,

before *Rugg, C.J., Crosby, Pierce, Carroll, Wait, & Sanderson,* JJ.

SANDERSON, J.    This is an action of contract, brought by the plaintiff as beneficiary named in an insurance policy issued by the defendant company to her husband, Harry L. Wilcox, on January 9, 1924, insuring against loss resulting "from (1) bodily injuries effected directly and independently of all other causes by accidental means (excluding self-destruction, or any attempt thereat, while sane or insane); and (2) disability from disease." By the terms of the policy the beneficiary was entitled to receive $5,000, the principal sum under it if the injuries received by the insured resulted in death, within ninety days of the accident. Section four of the "Standard Provisions" reads: "Written notice of injury or of sickness on which claim may be based must be given to the Association within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the Association." Section five reads: "Such notice given by or in behalf of the insured or beneficiary, as the case may be, to the Association at its Home Office, Worcester, Massachusetts, or to any authorized agent of the Association, with particulars sufficient to identify the insured, shall be deemed to be notice to the Association. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible." Section six reads: "The Association upon receipt of such notice, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made." Section eight reads: "The Association shall have the right and opportunity to examine the person of the in-

sured when and so often as it may reasonably require during the pendency of claim hereunder, and also the right and opportunity to make an autopsy in case of death where it is not forbidden by law." At the conclusion of the testimony and before final argument the defendant moved in writing that the court order the jury to bring in a verdict for the defendant. The motion was denied and the defendant excepted. The jury found for the plaintiff.

On this branch of the bill of exceptions the jury were warranted in finding the following facts: On July 14, 1924, the insured, Harry L. Wilcox, was a machinist or engineer on a seagoing tug in the Charlestown Navy Yard. About noon on that day, accompanied by his daughter, he went to and sat down in the Scollay Square Olympia Theatre for about an hour. He then started to go out from the theatre, walked up the aisle, turned to see if his daughter was following him, caught his heel in the carpet and fell backward, striking the back of his head with a "dull thud." He was taken to a relief hospital and finally to the Chelsea Naval Hospital, where he remained until his death on July 22, 1924. On July 19, 1924, just before an operation, he wrote his name on a notice of disability claim which was addressed to the defendant and afterward received by it on July 21, 1924. The blank spaces in the body of the notice were filled in by the plaintiff and by one of the attending physicians at the hospital, and the defendant was thereby informed of a claim by the insured for disability resulting from a fall and from an ulcer. On July 24, 1924, the defendant sent the insured a "preliminary form of disability" claim. The blanks of this form were filled in by the plaintiff and the executed instrument was mailed by her to the defendant from Newport, Rhode Island, on July 27, or shortly thereafter, and was received by the defendant August 2, 1924. The insured died at 3:30 A.M. on July 22, 1924. After his death a physician at the hospital performed an autopsy. Funeral services were held in Chelsea, on July 23, 1924, and at six o'clock in the evening the body was taken by train to Washington, D. C. On Thursday, July 24, 1924, in the afternoon, services were held in the Arlington Cemetery, where the remains were

buried.   About six o'clock on Thursday evening, the plaintiff went to Philadelphia, and stayed there with her sister-in-law, resting, for two days.   Her husband's father there suggested that a notice to the insurance company was required.   She testified that she knew all insurance companies had to be notified.   On Sunday, July 27, 1924, she sent a correspondence card addressed to the defendant's office in Worcester, Massachusetts, postage prepaid, which read "Harry L. Wilcox died at Chelsea Naval Hospital, July 22, 1924. Signed, Mrs. H. L. Wilcox."   This card she placed in a United States mail box in the station at Philadelphia, and it could have been found to have been delivered to the defendant in the usual course of the mail, notwithstanding the evidence of the defendant that the first notice of the death of the insured was not received until August 14, 1924.

The death certificate admitted in evidence stated that the disease or cause of death was intestinal hemorrhage and duodenal ulcer.   The policy did not cover death from disease, and it was the contention of the plaintiff that the insured's death was caused solely by accidental means, whereas the defendant contended that the death was due to disease.

The plaintiff must fail in the action unless the notice required by the policy was given.   *Hatch* v. *United States Casualty Co.* 197 Mass. 101, 103.   *McCarthy* v. *Rendle*, 230 Mass. 35, 39.

Assuming that the notice given by the deceased was sufficient to inform the defendant of an injury from accident, it does not meet the requirements of § 4 of the policy for immediate notice in case of "accidental death," unless those words were intended to be limited in their meaning to a death which follows upon and is the direct result of an accident as distinguished from death following upon a period of disability.   G. L. c. 175, § 108, provides in part that no policy of insurance against loss or damage from disease or by the bodily injury or death by accident of the insured shall be issued or delivered in this Commonwealth unless it contains in substance a "provision specifying the time within which notice of accident or disability shall be given,

which shall not be less than twenty days from the date of the accident nor less than ten days from the date of the beginning of the disability from sickness upon which the claim is based; provided, that in case of accidental death immediate notice thereof may be required, unless the notice as herein specified may be shown not to have been reasonably possible." The terms of the policy relating to notice are substantially in the words required or permitted by statute. The general rule that reasonable doubts arising from the language of a policy of insurance should be resolved against the company (*Farber* v. *Mutual Life Ins. Co. of New York*, 250 Mass. 250, 254) is not applicable to terms which the company is required by legislative act to incorporate, and the rule loses much of its force when the insurer has adopted the language of the statute in clauses not required but which the statute expressly permits. *Rosenthal* v. *Insurance Co. of North America*, 158 Wis. 550, 553. *Frozine* v. *St. Paul Fire & Marine Ins. Co.* 195 Wis. 494, 496. *Mick* v. *Corporation of Royal Exchange Assurance of London*, 87 N. J. L. 607, 611. *Hamilton* v. *Royal Ins. Co. of Liverpool*, 156 N. Y. 327, 336.

It is of some significance that in the section of the statute to which reference has been made the expressions "accidental death," and "death by accident," seem to be used with the same meaning. The policy on which this action is founded provided indemnity for loss of life, and for specified disabilities of various descriptions arising from accident or disease. The schedule of payments due under the policy is stated in some detail and varies with the severity of the accidental injury and the length of the sickness. The language of section four of the policy seems to mean that where there is disability arising from accident or disease notice may be given within twenty and ten days respectively and that when death results from accident "immediate notice" must be given. The purpose of notice in case of disability is to give the insurer an opportunity to investigate the causes and nature of the disability upon which the claim for compensation is based, and when claim is made for death the object of the notice is to enable the insurer to make prompt inquiry to determine

whether there was an accidental cause for which the defendant is liable. The requirement of immediate notice in case of accidental death is not dependent upon notice of disability. The requirements of these two notices stand separate and distinct, the one from the other, each relating to a different kind of claim. The trial was conducted both by the plaintiff and by the defendant, on the theory that a death notice was required notwithstanding the notice of the accident. The judge so instructed the jury.

No significance on this phase of the case can be attached to the circumstance that the insurer furnished to the insured, after the accident but before it knew of the death, its usual form for filing proofs of loss. The only proof of loss which then so far as the insurer knew could be made was for disability, and proof of loss was required for recovery under the disability clause whether the insured recovered or died. A form for proof of loss for death could not be made out until after the death came to pass. The policy expressly provides that the furnishing of forms for filing proof of loss shall not operate as a waiver of any of the rights of the defendant in defence of any claim arising under the policy. The words of § 4 cannot rightly be construed to mean that where notice has been given of disability arising from accident, no further notice need be given if death results from the same accident. The words "accidental death" in that clause refer to any death occurring from any cause for which recovery may be had under the policy. The plaintiff's right to maintain this action is therefore dependent upon the notice sent by her on July 27.

For the purpose of this decision, we assume that this notice was sufficient in form to be a compliance with the requirements of the policy. Its terms are not imperative that notice be given before burial, but the fact that the insurer was to have the right and opportunity to make an autopsy is to be considered with the other circumstances in deciding whether immediate notice was given.

The phrase in § 4, "In event of accidental death immediate notice thereof must be given to the Association," is to be read with the provision of § 5 that "Failure to give notice

within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice" and as so read the question of "immediate notice" is a question of due diligence in sending the notice with reasonable promptness in the circumstances of each case. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 174. *Greenough* v. *Phoenix Ins. Co. of Hartford,* 206 Mass. 247, 249, and cases cited. The context in which the words "immediate notice" occur in this policy is of weight in ascertaining their signification. Manifestly they are used in contradistinction to the time within which notices of other claims must be given. In case of disability arising from accident, the notice must be given within twenty days after the accident; in case of disability arising from sickness, the notice must be given within ten days after the commencement of the disability; but in case of accidental death, "immediate notice" must be given. This arrangement of words and this specification of times seem to emphasize the requirement of promptness in giving the death notice. Brief periods of definite days are agreed upon with respect to the time for giving the other two notices, but the notice of death must be "immediate." That word in such connection can mean only that the notice must be sent quickly, with dispatch, with speed.

The plaintiff, the widow of the insured, lived in Chelsea in this Commonwealth and helped to make out the disability notice of July 19. Therefore she knew of the policy and was at hand at all crucial times. The fact of death was patent. It required no time for investigation. It came to the instant attention of the plaintiff. "If there is no dispute in regard to the facts, what is due diligence is a question of law for the court . . . . The question whether there was due diligence has been submitted to a jury in cases where the evidence was doubtful or conflicting, and where, upon the view of it most favorable to the plaintiff, the court would find due diligence." Knowlton, J., in *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528, 531, 532.

In *Smith* v. *Scottish Union & National Ins. Co.* 200 Mass. 50, 53, the court in an opinion by Sheldon, J., said, in referring

to the statement quoted from *Parker* v. *Middlesex Mutual Assurance Co., supra:* "The facts are of course in dispute, within the meaning of the rule just stated when, by reason of their complexity or because they do not upon their face require as matter of law an answer one way or the other as to the exercise of due diligence, this question must be decided by drawing an inference of fact from the primary facts shown." See also *Mandell* v. *Fidelity & Casualty Co.* 170 Mass. 173, 177.

In the case at bar the plaintiff delayed five days after the death and until the third day after the funeral in mailing a simple, untechnical notice to a known insurer. This, as matter of law, was not immediate notice in the circumstances here disclosed, and the defendant was entitled to its requests for instructions numbered 12 and 13, to the effect that notice required by the policy was not given, and to a directed verdict. *McCarthy* v. *Rendle*, 230 Mass. 35. *Boston Elevated Railway* v. *Maryland Casualty Co.* 232 Mass. 246, 250, 251. *Woolverton* v. *Fidelity & Casualty Co. of New York*, 190 N. Y. 41, 47, 48. *In re Coleman's Depositories, Ltd. & Life & Health Assurance Association*, [1907] 2 K. B. 798, 808.

On this point the writer has not been able to bring his mind to think that upon the facts the question, whether the plaintiff acted with due diligence in giving the notice, required as matter of law a negative answer.

The conclusion here reached makes it unnecessary to consider other exceptions argued.

*Exceptions sustained.*
*Judgment for defendant.*