Lewis, Executrix, Appellant, vs. Insurance Company of North America, Respondent.

*December 11, 1930—January 13, 1931.*

The cause was submitted for the appellant on the brief of *A. J. Whitcomb* of Oconto, and for the respondent on that of *Shaw, Muskat & Sullivan* of Milwaukee.

NELSON, J. The plaintiff contends that the court erred in holding that the silo filler and hay baler were not within the terms of the policy. The policy clearly covered "farm machinery" and by its terms excluded "threshing machines, windmills, electric motors, gasoline, kerosene and steam-power engines and machines." The policy is a Wisconsin standard fire policy, but paragraph 19 thereof is contained in a rider attached to the policy which is clearly "a description and specification or schedule of the property covered." Sec. 203.06 (2), Stats. The form of the particular rider containing paragraph 19 is not specified by statute. Nowhere do our statutes provide a form for this rider which was prepared by defendant and attached to a standard fire insurance policy of this state.

While the rule is that policies of insurance are to be construed liberally in favor of the insured it does not apply to the provisions of a standard or a statutory policy as held in *Rosenthal v. Insurance Co. of North America,* 158 Wis. 550, 149 N. W. 155, and *Frozine v. St. Paul F. & M. Ins. Co.* 195 Wis. 494, 218 N. W. 845. The provision of the policy as to the coverage is clearly not a standard or statutory provision and is therefore subject to the well established rule that language of a policy not prescribed by statute but drafted by the insurer, in case of doubt or ambiguity is to be construed most strongly against the insurer. *Vaudreuil Lumber Co. v. Ætna Cas. & S. Co.* 201 Wis. 518, 230 N. W. 704; *French v. Fidelity & Cas. Co.* 135 Wis. 259, 115 N. W. 869; *Bell v. American Ins. Co.* 173 Wis. 533, 181 N. W. 733; *Isaacson v. Wis. Cas. Asso.* 187 Wis. 25, 203 N. W. 918; *Kiviniemi v. American Mut. L. Ins. Co.* 201 Wis. 619, 231 N. W. 252.

That paragraph 19 of the policy is both doubtful and ambiguous when an attempt is made to construe its meaning and apply it to the facts of this case clearly appears. Omitting that part of the provision inclosed in parentheses, which part defendant relies on to escape liability, we have the following: "(19) $500 on mowers, reapers, harvesters, farm implements, tools, cream separators, milk cans, empty sacks and bags, utensils and farm machinery, on or temporarily off the premises herein described."

It cannot be contended that the language just quoted is not sufficiently broad and comprehensive to include under the term "farm machinery" a hay press and a silo filler. If they are not farm machinery what are they? The only question, therefore, left for decision is whether a hay baler and silo filler are excluded by the following language: "Excluding threshing machines, windmills, electric motors, gasoline, kerosene, and steam-power engines and machines."

The defendant contends that they are gasoline and kerosene machines because, as found by the court, they are actually driven or operated by means of a gasoline or kerosene engine. Construing this provision of the policy liberally in favor of the insured, we think this contention is not sound.

The defendant evidently considered a threshing machine within the term "farm machinery," else there is no reason for specifically excluding it therefrom. A threshing machine is now universally driven by a steam, gasoline, or kerosene engine. If a "gasoline, kerosene, and steam-power machine" means a machine operated by a gasoline, kerosene, or steam engine, then there appears no sensible reason for specifically excluding a threshing machine, since such a machine is now universally operated by such an engine. Had the company intended, by such exclusion provision, to except hay balers or silo fillers therefrom because operated or driven by gasoline or kerosene engines, it would have been a simple matter to insert in the policy an exclusion provision substantially similar to the following: "excluding . . . gasoline, kerosene, and steam-power engines and machines operated in connection therewith or driven or propelled thereby."

There are certain machines, such as wood-sawing machines, gasoline-driven mowers, and possibly others, with the engine built into the machine unit and constituting a part thereof, which are quite clearly gasoline or kerosene machines. But in our opinion a machine driven or propelled by a gasoline or kerosene engine or operated in connection therewith is not so clearly a gasoline or kerosene machine as to justify us in holding that such a machine is within the exception in this policy.

We therefore conclude that both the silo filler and the hay baler were within the term "farm machinery" as the term is ordinarily understood and were not excluded by the language contained in paragraph 19 of the policy.

Some contention is made that the machines burned were not "temporarily off" the premises described in the policy because they were left at the Carey farm for an unreasonable length of time. This contention is answered by the recent decision of this court in *McManus v. Home Ins. Co.* 201 Wis. 164, 229 N. W. 537.

For the reasons stated the judgment of the circuit court must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment in favor of the plaintiff and against the defendant for the sum of $450, together with interest thereon from and after the date of the former judgment entered herein.