WISCONSIN HYDRO ELECTRIC COM-
PANY, a Wisconsin Corporation,
Appellant,

v.

EQUITABLE FIRE AND MARINE IN-
SURANCE COMPANY, a Rhode
Island Corporation, Appellee.

No. 15416.

United States Court of Appeals
Eighth Circuit.

May 10, 1956.

Gustav A. Larson, St. Paul, Minn.
(Felhaber, Larson & Fenlon, St. Paul,
Minn., on the brief), for appellant.

Richard Converse, Minneapolis, Minn.
(Robins, Davis & Lyons and M. Arnold
Lyons, Minneapolis, Minn., on the brief),
for appellee.

Before SANBORN, JOHNSEN and
VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

Plaintiff (appellant), Wisconsin Hydro
Electric Company, brought this action
against defendant (appellee), Equitable
Fire and Marine Insurance Company, to
recover a loss which plaintiff claims came
within the terms of an insurance policy

issued by the defendant. Plaintiff is a Wisconsin corporation and defendant is a Rhode Island corporation. The amount involved exceeds the statutory minimum.

On November 27, 1945, the defendant issued to the plaintiff its insurance policy agreeing to indemnify the plaintiff against certain loss by reason of liability imposed by law in an amount not exceeding $75,000.00. The policy covered a period of three years for which a total premium of $337.50 was charged. According to the policy contract, the defendant agreed:

"To indemnify the assured against loss by reason of the liability imposed upon assured by law for damage caused by explosion as respects loss to or destruction of property of others (including resultant loss of use of such property) resulting solely and directly from explosion due to the business operations of the assured, such being the manufacture of gas and electricity, including the operation of gas holders, subject to limitations or stipulations in the following paragraphs, on premises located:—1226 Thirteenth Avenue (formerly South Clinton Street) Monroe, Wisconsin; 418–420 West First Avenue, Southeast corner of West First Avenue and the Chicago, St. Paul M. & O. Railroad Right of Way, Menominee, Wisconsin; South of the Corner of East Pine and Corn Streets, adjoining the Chicago and Northwestern Railroad Right of Way, Platteville, Wisconsin.

"It is understood and agreed that this policy does not cover any claim for loss or damage due to explosion originating in service or street mains or other property owned, leased, occupied or controlled by the assured outside the premises of the assured as described above.

"This policy does not cover the liability of the assured for; property owned, leased, occupied or used by

or in the care, custody or control of the assured."

On September 1, 1948, while the policy was in effect, an explosion occurred on premises owned and occupied by one Charles Lotwin in the City of Menominee, Wisconsin. Lotwin was one of plaintiff's customers in Menominee and the explosion occurred by reason of certain service work being performed by plaintiff's employee on a gas heater in the basement of the Lotwin premises. The gas had been manufactured by plaintiff at its plant in Menominee and had been furnished to the Lotwin premises through the customary system of street and service mains. Lotwin commenced suit against the plaintiff to recover for his property damage which resulted from the explosion. Plaintiff duly notified the defendant of the explosion and the commencement of suit by Lotwin and demanded that defendant assume the defense and indemnify it from loss arising therefrom. Defendant refused to accept the defense of the suit, taking the position that the Lotwin explosion and damage did not come within the terms of the insurance policy issued by it.

Thereafter plaintiff made settlement with Lotwin for the sum of $12,500.00. It demanded judgment against the defendant for that sum plus $1,972.37 attorney's fees, court costs, witness fees, etc. The case was tried to the court without a jury. At the conclusion of the testimony, the trial court entered its memorandum opinion, findings of fact, conclusions of law and order for judgment in defendant's behalf. The trial court stated [129 F.Supp. 764]:

"The site of the explosion was far removed from the 'premises located' and specifically described in paragraph (b) as quoted in footnote 1. Following the use of the words 'business operations' the premises so specifically described must be construed as a limitation beyond which 'business operations' cannot be ex-

tended. The explosion obviously stemmed from the servicing performed by plaintiff's employee, and for that reason defendant argues that the exclusionary clause of the insurance contract which reads 'this policy does not cover any claim for loss or damages due to explosions originating in service or street mains' applies to the instant case and was adopted for the purpose of limiting coverage.

"Viewing the insurance contract in a manner most favorable to the assured and from the standpoint of the record in support thereof, I am of the opinion that the issues of fact pertaining to liability of defendant are entirely too doubtful under the evidence submitted to permit recovery by plaintiff. In other words, a finding of liability would be without adequate evidentiary support."

■■ The fundamental question for determination by the trial court and for review here is whether or not the insurance contract afforded coverage for the so-called "Lotwin loss". As this is a Wisconsin contract, the court is bound by the applicable principles of Wisconsin law. Mutual Benefit Health & Accident Ass'n v. Hobbs, 8 Cir., 1951, 186 F. 2d 321; Employers' Liability Assurance Corp. v. Youghiogheny & Ohio Coal Co., 8 Cir., 1954, 214 F.2d 418. Wisconsin is in accord with the general rule that where ambiguity exists insurance contracts must be liberally construed in favor of the insured. Charette v. Prudential Ins. Co., 1930, 202 Wis. 470, 232 N.W. 848, 850:

"* * * the situation is one for application of the familiar rule that, where a provision of an insurance policy is ambiguous, where it is doubtful whether it should be construed in favor of the company or the insured, that construction will be given which is favorable to the insured. If an insurance company, in writing its policy, fails so to write a provision as to indicate with reasonable certainty what it means by it, it has not just cause for complaint that the provision is given a reasonable construction contrary to its contention, although its contention may also have reason to support it. The court will not in such case do any fine or precise balancing of reasons or splitting of hairs to uphold its contention."

See also Axt v. London & Lancashire Indemnity Co., D.C.E.D.Wis.1942, 42 F. Supp. 1013, at page 1015, affirmed 7 Cir., 131 F.2d 370, wherein the district court, interpreting Wisconsin law, said:

"It is a well settled rule that policies of insurance are to be liberally construed in favor of the insured, *especially where the insurer, as here, has prepared the contract.*" (Emphasis supplied.)

Rosenthal v. Insurance Co. of North America, 1914, 158 Wis. 550, 149 N.W. 155, L.R.A.1915B, 361; Frozine v. St. Paul Fire & Marine Ins. Co., 1928, 195 Wis. 494, 218 N.W. 845; Lewis v. Insurance Co. of North America, 1931, 203 Wis. 324, 234 N.W. 499.

■■ The record indicates a dispute between plaintiff and defendant as to who prepared the typewritten insuring clause in the contract. The evidence in that respect is completely unsatisfactory. However, irrespective of what the result might be where it was not the insurer who worded the contract, compare Wheeler v. Aetna Ins. Co., D.C.E.D.N.Y.1933, 4 F.Supp. 820, 823, reversed on other grounds, 2 Cir., 68 F.2d 30 with Marine Transit Corp. v. Northwestern F. & M. Ins. Co., D.C.S.D.Tex.1933, 2 F.Supp. 489, 492, it is inconsequential who wrote the language where there is no ambiguity and strict construction against the insurer would do violence to the plain terms of the contract. Cf. Riteway Carriers v. Stuyvesant Ins. Co., 8 Cir., 1940, 213 F.2d 576, 579; Lincoln Nat. Life Ins. Co. v. Ghio, 8 Cir., 1940, 111 F.2d 307, 310; Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 76

L.Ed. 416; City Bank of Portage v. Bankers' L. Mut. Cas. Co., 1931, 206 Wis. 1, 238 N.W. 819. Insurance contracts are subject to construction only when ambiguous. Reeves v. Midland Casualty Co., 1919, 170 Wis. 370, 174 N. W. 475, 476. See also Hamilton Trucking Service v. Automobile Ins. Co., 1951, 39 Wash.2d 688, 237 P.2d 781, 784.

We think the terms of the contract itself leave no substantial doubt as to its meaning. Stripped of verbiage not essential to the determination of the instant problem, the policy provided that the defendant would "indemnify the assured against loss by reason of the liability imposed upon assured by law for damage caused by explosion as respects loss to or destruction of property of others * * * resulting solely and directly from explosion due to the business operations of the assured, such being the manufacture of gas and electricity * * * on premises located (at three specifically described locations in Monroe, Menominee and Platteville, Wisconsin)". It is clear that the explosion causing the damage and loss for which suit was brought against the plaintiff did not occur at any of the premises described in the policy but far removed therefrom.

Plaintiff directs attention to a case from this court, General Cas. Co. of Wis. v. Larson, 8 Cir., 1952, 196 F.2d 170, 172. That case is not comparable. Therein this court was dealing with an insurance contract which covered " 'damages because of injury to or destruction of property * * * as the result of an accident * * * caused solely and directly by reason of the business operations of the Insured * * *.' " The insured's business was "cleaning, servicing and repairing oil burners." In cleaning an oil burner and furnace, an employee of insured accidentally cross-threaded the connection between the furnace door and the oil burner. Fire and damage resulted. We sustained a holding of liability under the policy. There existed no such limitations as to "premises" as are found in the contract here under consideration.

Plaintiff argues that the second typewritten paragraph of the contract, "It is understood and agreed that this policy does not cover any claim for loss or damage due to explosion originating in service or street mains or other property owned, leased, occupied or controlled by the assured outside the premises of the assured as described above," does not exclude liability for this loss and accordingly the contract should be construed as covering such loss. We cannot agree. The language of the policy specifically defines the covered business operations of the plaintiff as "the manufacture of gas and electricity, including the operation of gas holders * * * on premises located" as therein described. The service or street mains by which the gas manufactured by plaintiff at the premises described is distributed to its customers in each of the three cities are, of course, connected with plaintiff's gas manufacturing facilities. The hookup or connection is undoubtedly at the manufacturing site. The clause in question was inserted specifically to provide a cut-off point where coverage ceased. Were this not true and plaintiff's theory to prevail, we would have a most unusual situation. There would be coverage for explosions at the manufacturing site, no coverage for explosions while the gas was being distributed through the service or street mains but there would be coverage for explosions after the gas had arrived on the premises of a customer. No such conclusion can be spelled out of the contract. The clause relied on by plaintiff supports the contention that coverage was limited to the premises described. The contract between the parties seems clearly to cover only loss resulting solely and directly from explosion due to the manufacture of gas and electricity *on the premises described*. We concur with the trial court in its conclusion:

"The said policy, by reason of the language therein contained specifically defining the covered business operations, does not afford coverage for an explosion occurring on

the premises of the customer arising out of service operations, and that plaintiff is not entitled to recover herein * * *."

■■ The plaintiff also claims that the trial court erred in admitting the testimony of the defendant's sole witness, Patrick J. Thomas. Mr. Thomas, an employee of the defendant, testified that plaintiff, if it desired, could have secured a standard policy covering losses of the type in question; that defendant was not in the casualty business at the time the policy was issued; that premiums for liability policies are based upon elastic factors;[1] that he would recommend such a policy under these circumstances; and that the instant policy covers only property at the designated locations. Counsel objected to these statements and the court ruled that the witness was qualified as an expert, testified as such, and therefore his testimony was admissible.

Although we agree with the plaintiff that expert testimony is not admissible to vary the terms of a contract, this court has said in Builders Steel Co. v. Commissioner of Internal Revenue, 8 Cir., 179 F.2d 377, 379:

"In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made. Thompson v. Carley, 8 Cir., 140 F.2d 656, 660; Doering v. Buechler, 8 Cir., 146 F.2d 784, 786; Grandin

Grain & Seed Co. v. United States, 8 Cir., 170 F.2d 425, 427."

As has been observed before, the determination of this case turned upon the language of the contract of insurance, without reference to any allegedly incompetent testimony.

The judgment appealed from is affirmed.

---

**1.** As to propriety of the court's consideration of rates see: Washington Nat. Ins. Co. v. Burke, Ky.1953, 258 S.W.2d 709, 710; Commonwealth Cas. Co. v. Aichner, 8 Cir., 1927, 18 F.2d 879, 882, certiorari

denied 275 U.S. 556, 48 S.Ct. 117, 72 L. Ed. 424; Colyer v. North American Acc. Ins. Co., 1928, 132 Misc. 701, 230 N.Y.S. 473, 477.