DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

NOVEMBER TERM, 1922

---

LOUIS DEL GUIDICI, APPELLANT, v. IMPORTERS AND EXPORTERS INSURANCE COMPANY OF NEW YORK, RESPONDENT.

Submitted December 11, 1922—Decided March 5, 1923.

1. Where a policy of fire insurance is written in a standard form approved by governmental authority, the maxim *Verba chartarum fortius accipiuntur contra proferentum* has no special application.

2. Where an insurance policy in a standard form in accordance with the statute, provided that it should be void if the subject of the insurance be personal property and be or become encumbered by a chattel mortgage, and the personal property was so encumbered at the time the policy was written, the failure of the insurer to interrogate the insured as to the existence of an encumbrance, of which the insurer was ignorant, did not constitute a waiver of the provision in the policy.

---

On appeal from Union County Circuit Court.

For the appellant, *Frank J. Burns.*

For the respondent, *Welcome W. Bender.*

435

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was a suit in the Union County Circuit Court, after a fire loss, to recover the sum for for which plaintiff's personal property was insured by the defendant company, and came on for trial before Silzer, J., and a jury.

The policy, which was a standard one, provided that it should be void if the subject of the insurance be personal property and be or become encumbered by a chattel mortgage. It concededly was so encumbered at the time the policy was issued; and the chattel mortgage was given by the insured himself. The plaintiff contended that because the defendant did not require a written application for the policy, and because it did not interrogate defendant as to whether there was a chattel mortgage on the property to be covered by the insurance, it thereby waived the provision that the policy should be void, &c. The trial court granted a nonsuit, the judgment on which has been removed into this court by appeal.

The answer to the plaintiff's contention is that waiver exists only where the company, with knowledge of the facts, dispenses with the condition. In the case at bar, as already mentioned, the plaintiff did not disclose to defendant the fact of the existence of the chattel mortgage, and defendant remained ignorant of it. There was, therefore, no waiver.

Counsel for the plaintiff states in his brief that the authorities are not agreed as to the necessity of disclosure in the absence of inquiry, when the policy contains a stipulation declaring it to be void if the property is encumbered, and cites *Allesina* v. *London Ins. Co.*, 45 *Ore.* 441, as authority for his proposition that there was a waiver in this case. In Allesina *v.* London Ins. Co. the court observed that in determining whether there has been such a waiver (that was a case of undisclosed encumbrance also), a court should not overlook the fact that insurance policies are prepared by the company for general use without reference to particular cases. This is but the assertion of the familiar doctrine that

a policy of insurance is to be construed most strongly against the company writing it. But, with reference to the policy in this case, we have a somewhat different situation. The State of New Jersey has enacted that fire insurance policies shall conform in all particulars as to contract, provisions, agreements and conditions, with a certain standard, and that no other or different provisions, agreement, condition or clause shall in any manner be made a part of such policy, &c. See the act of April 3d, 1902, concerning insurance. 2 *Comp. Stat., p.* 2862, § 77. And the policy in the case before us is a standard policy. This makes pertinent the doctrine of *Mick* v. *Corp. of Royal Ex., &c.,* 87 *N. J. L.* 607, in which it was decided that where a policy of fire insurance is written in a standard form approved by governmental authority, as is this one, the maxim *Verba chartarum fortius accipiuntur contra proferentum* has no special application.

Our cases hold that stipulations in policies of insurance of the kind under discussion, when violated, work a forfeiture. See *Dewees* v. *Manhattan Ins. Co.,* 35 *N. J. L.* 366; *Franklin Fire Ins. Co.* v. *Martin,* 40 *Id.* 568; *Martin* v. *State Fire Ins. Co.,* 44 *Id.* 485; *Martin* v. *Ins. Co. of N. A.,* 57 *Id.* 623; *Dougherty* v. *Greenwich Ins. Co.,* 64 *Id.* 716; *Plockzek* v. *St. Paul, &c.,* 91 *Atl. Rep.* 812.

These views lead to an affirmance of the judgment under review.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.