No. 32,085

CLARA A. FRIEND, *Appellant,* v. THE BUSINESS MEN'S ASSURANCE COMPANY, *Appellee.*

(41 P. 2d 759)

Opinion filed March 9, 1935.

*George D. Rathbun,* of Manhattan, for the appellant.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson, Ralph W. Oman,* all of Topeka, and *Solon S. Gilmore,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents a question of construction of an insurance policy.

In 1932 the late Robert R. Friend obtained an accident insurance policy issued by the defendant company. In it he was denoted as a salesman of gasoline and oils, but he did not handle or deliver these articles and wares. The policy provided for the payment of $3,000 in case of his accidental death. It also provided that if he should change his occupation to one more hazardous, the amount of his insurance would be reduced. He did change his occupation from that of salesman not handling gas and oils to that of salesman who did handle those wares, so that the amount of his insurance was reduced to $2,072.69.

In August, 1933, while this policy was in force, the insured met with a curious accident unrelated to his employment, but which nevertheless caused his death. Apparently while getting ready for bed he struck his leg against the leg of a cot. Infection set in, and in two weeks he was dead.

The defendant company admitted liability, but claimed that as the insured had changed his vocation to the more hazardous one of salesman handling gasoline and oils the amount of the insurance which it was bound to pay had been reduced, as per the insurance contract, to $2,072.69.

By agreement of the parties the latter sum was paid to the widow and beneficiary and this lawsuit was begun to determine whether defendant is bound to pay the full amount of $3,000 or whether the obligation of the policy has been fully discharged by the payment already made.

The trial court gave judgment for defendant and the plaintiff appeals, invoking our construction of the following provision of the policy:

"This policy includes the indorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates in the event the insured is injured or contracts sickness after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation as classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate, but within the limits so fixed by the company for such more hazardous occupation."

It is contended by plaintiff that the paragraph just quoted means nothing more than that the liability of the defendant for accidental

death or injury of the insured shall be reduced if the assured has changed his occupation to a more hazardous one—excepting where such accident occurs while he is engaged in ordinary duties about his residence or in recreation. And since the accident did happen under conditions governed by such exception the amount of insurance liability remains as first specified in the policy. In no other construction, appellant contends, can this prolix and involved paragraph be given literal significance.

On the other hand, the defendant contends that the construction of the paragraph presents no difficulties, and that it simply means what it ought to mean. Where an assured changes his occupation to a more hazardous one the premium he pays will buy a less amount of insurance. In this case the premium would buy insurance in behalf of a "salesman" in the sum of $3,000, but in behalf of a "salesman handling gasoline and oils" it would only buy insurance in the sum of $2,072.69. The last exception in the quoted paragraph, in the opinion of counsel for defendant, merely means that any accident an insured person may sustain while engaged in domestic duties or in recreation will not affect the company's liability one way or the other.

After much deliberation and taking into consideration the fact that the policy contract was formulated by defendant, and that defendant could easily have specified the extent of its obligation so plainly that there would be no room to cavil about its meaning, a majority of this court have determined that the fairest construction of the plethora of words comprising the paragraph is to hold that *the exception to the exception* means that where the accident occurs while the insured is engaged in ordinary duties about his residence or while engaged in recreation the provision for reduced liability when the insured engaged in a more hazardous occupation does not govern, and that the full amount of the original liability controls. This conclusion requires that the judgment be reversed and the cause remanded with instructions to enter judgment for plaintiff for $927.31 and interest thereon and costs of suit. It is so ordered.

DAWSON, J. (dissenting): I can neither discern any difficulties of construction in the paragraph of the insurance contract submitted for our consideration nor any semblance of justice in the judgment of this court. I therefore dissent.

BURCH, J. (dissenting): My interpretation of the provision of the policy is this: The amount to be paid in case of injury or sickness may be reduced in two ways:

First, when the insured in fact changes his occupation to one more hazardous. In that event the benefit in case of injury or sickness is *ipso facto* reduced to the proportionate amount the premium would purchase according to classification of risk. That is fair and just and reasonable.

Second, amount of benefit is reduced when the insured, without changing his occupation to a more hazardous one, engages in some activity pertaining to a more hazardous occupation, and is injured or becomes sick. In that event, the benefit is reduced to the proportionate amount the premium would purchase according to classification of risk. That is fair and just and reasonable.

If the insured, without changing occupation, engages in some more hazardous activity, the benefit is not reduced if injury or sickness occur, not in connection with the more hazardous activity, but in connection with ordinary duties about the insured's residence, or recreation. That is fair and just and reasonable.

By relating the exception to the provision next to it, ambiguity is avoided.