## FUNK v. ÆTNA LIFE INS. CO. OF HARTFORD, CONN.

### No. 7255–C.

District Court, S. D. California, Central Division.

Jan. 13, 1937.

Charles W. Cradick, of Los Angeles, Cal., for plaintiff.

Gibson, Dunn & Crutcher, of Los Angeles, Cal. (Philip C. Sterry, of Los Angeles, Cal., of counsel), for defendant.

COSGRAVE, District Judge.

Insurance was extended to the insured as one in the occupation of "checker, office and travelling duties." He changed his occupation without notice to the insurer to that of "an oil well pumper." This latter

occupation is not specified as a distinct occupation under defendant's present classification of risks further than to designate an occupation as "pump man" under the general heading "oil well and refinery employees." The insured continued in his occupation of oil well pumper until his accidental death which occurred while engaged in recreation, namely, fishing.

In the classification of risks existing on the date of the policy, the insured's original occupation was classified as a preferred risk, although the occupation was not given a specific classification. "Pump man" was classified as "medium risk" for a maximum insurance of $2,000. By the classification filed on May 5, 1934, "pump man" was classified as a medium risk with maximum of $2,000.

The vital provision of the policy in dispute is found under "Standard Provisions," subdivision 1: "This policy * * * contains the entire contract * * * except as it may be modified * * * in the event that the insured is injured after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties around his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate * * * fixed by the company for such more hazardous occupation," in which event the loss is measured by the amount of premium paid.

The insurer interprets the contract as providing that, if injury occurs after the insured has changed his occupation to one classified as more hazardous or if he is injured while doing anything pertaining to an occupation so classified except ordinary duties about his residence or recreational activities, then the reduced indemnity prevails; that, if the insured changes his occupation to the more hazardous classification, the reduction takes place no matter how the accident occurs; further that, although not having changed his occupation, he does any act pertaining to any more hazardous occupation, other than ordinary household duties or recreational activities, the recovery is likewise reduced.

The insured, on the other hand, claims that the phrase "except ordinary duties about his residence or while engaged in recreation" modifies the entire sentence; that is, that although he may change his occupation, injury occurring during household or recreational activities is excepted from the effect of the change in occupation and recovery may be had as originally provided.

This claim of the insured is not without support. In Business Men's Assurance Company of America v. Bradley, decided by the Court of Civil Appeals of Texas, Third District, on June 24, 1925, and reported in 275 S.W., at page 622, similar language is held to except an injury occurring during the performance of "ordinary duty about his residence or while engaged in recreation" from effect of "change of occupation." The court says: "Manifestly the policy was designed and intended to protect the insured at all times, whether at home, at work, or at play, and, even if it be admitted that the character of his employment was changed, the risk of injury arising from ordinary domestic duties or recreation remained the same." 275 S.W. 622, at page 623.

The opinion is written by Judge Baugh. It is true that the court found as a matter of fact that the insured had not in fact changed his occupation; that the change was in name only and it might be claimed that the court grounded its decision upon this fact. No distinction, however, is made in the two grounds upon which the trial court's decision was affirmed.

The insured's position finds further support in Friend v. Business Men's Assurance Company, decided by the Supreme Court of Kansas, and reported in 141 Kan. 470, 41 P.(2d) 759. Reversing the judgment of the trial court, the Kansas Supreme Court construes the language quoted as meaning "the exception to the exception means that where the accident occurs while the insured is engaged in ordinary duties about his residence or while engaged in recreation the provision for reduced liability when the insured engaged in a more hazardous occupation does not govern, and that the full amount of the original liability controls." 141 Kan. 470, 41 P.(2d) 759, at page 760. The decision points out that the policy was formulated by the insurer and that doubt as to its meaning might have been removed by specific language to that effect. Two out of the seven members of the Kansas Supreme Court dissent. Justice Burch in his dissent interprets the contract thus: The benefit is reduced if the insured actually changes his occupation to one classified as more hazardous; that the benefit is like-

wise reduced if the insured, though not actually changing his occupation is injured while engaging in an activity pertaining to a more hazardous occupation, unless such activity be in connection with ordinary household duties or recreation.

The insurer cites as authority Central Businessmen's Ass'n v. Faith, a decision of the Circuit Court of Appeals of the Eighth Circuit, on September 17, 1925, and reported in 8 F.(2d) at page 325, Circuit Judge Lewis writing the opinion. While it is true that the facts presented in that case are substantially similar to the facts in the case at bar, the point here raised does not seem to have been considered. The opinion states, 8 F.(2d) 325, at page 326: "The only controversy at the trial, and the only issue of fact submitted to the jury by the court, was whether insured had changed his occupation after the policy issued, to one that was classified as more hazardous than that named in the policy."

No contention was made that the language had the effect contended for by the plaintiff here. Defendant here would urge that the language is so plain that the insured in that case did not think construction was called for. Since the point is itself not considered in the opinion, however, I do not think the case can be considered as authority.

Contracts of insurance containing a provision for reduction in recovery if the injury occurs "while he (insured) is doing any act or thing pertaining to any occupation so classified, (as more hazardous than that named in the policy)" are interpreted by the California Supreme Court in Ogilvie v. Ætna Life Insurance Co., 189 Cal. 406, 209 P. 26, 26 A.L.R. 116, where it is decided that the clause is to be interpreted exactly as it is written as opposed to an interpretation that would require that the act amount practically to a change of occupation; the court rejects an interpretation that would make the clause inoperative unless the act in which the insured was engaged at the time of injury was habitual as distinguished from casual. 189 Cal. 406, at page 416, 209 P. 26, 26 A.L.R. 116.

The provision of a contract of insurance that the amount of premium paid to insure against a hazard in one occupation shall provide a reduced indemnity where the occupation is changed to one more hazardous than the original is entirely reasonable and in accordance with safe insurance methods. The degree of hazard, based as it is on fig-

ures of actuaries, governs the amount of premium required. When, therefore, without knowledge or consent of the company, the occupation and therefore the degree of hazard changes, the amount paid as premium is applied to the new situation with the result that the amount of indemnity is reduced.

It seems to me, therefore, that the paragraph in question means that the amount of indemnity is reduced in two events: (1) If the insured is injured after having changed his occupation to one classed by the insurer as more hazardous than the occupation stated in the policy; and (2) if the insured, although not having changed his occupation, is nevertheless doing any act or thing appertaining to a more hazardous occupation than that insured against other than ordinary duties about his residence or while engaged in recreation.

The agreed statement of facts shows that the first condition exists. It follows, therefore, that the plaintiff can recover only the lower indemnity.

Defendant will propose findings and judgment in accordance herewith, with exception reserved to the plaintiff.