KOEPKE, Respondent, vs. SASS and another, Defendants: WISCONSIN MUTUAL INSURANCE COMPANY and another, Appellants.

*November 6—December 2, 1941.*

For the appellant Wisconsin Mutual Insurance Company there was a brief by *Dougherty, Arnold & Kivett* of Milwaukee and *Stroud, Stebbins & Wingert* of Madison, and oral argument by *Suel O. Arnold.*

For the respondent there was a brief by *Bassuener, Humke & Poole, David Rabinovitz,* and *William Rabinovitz,* all of

Sheboygan, and oral argument by *John M. Poole* and *David Rabinovitz.*

FOWLER, J.  The plaintiff in this case and twelve others were WPA workers who were being transported after their day's work by the town of Sheboygan in one of its trucks from the road-improvement work in the town in which they were employed to their homes.  The truck in which they were riding collided with another town truck.  Both drivers were WPA workers.  The cases were brought against the two drivers and the Insurance Company who had issued to the town an indemnity insurance policy covering by its terms "passenger hazard on two trucks used interchangeably," for which the town paid an annual premium of $150.  The "passenger hazard" referred to in the phrase quoted was that of carrying the WPA workers while being transported to and from their work.

The cases were tried together.  The only questions submitted to the jury were as to the amount of damages to each plaintiff.  The court found the drivers causally negligent and entered judgment in each case against the two drivers and the Insurance Company.

The main contention of the appellant Insurance Company is that the policy does not cover the injuries because the trucks were leased or rented by the town to the WPA, and the coverage clause excludes cars leased or rented.  It is also contended that no liability exists under the policy because the drivers of the truck in which the plaintiffs were riding were employees of the WPA and not employees of the town, and this seems to be considered as making the WPA rather than the town the one who was transporting the injured workers.

The controlling facts as to these issues and as to liability under the insurance policy are identical with those involved in *Plautz v. Kubasta,* 237 Wis. 198, 295 N. W. 667.  So far as the evidentiary facts differ, the differences are immaterial.

The controlling facts and the reasoning on which we reached our conclusion in the *Plautz Case* are stated in the opinion in that case at pages 203 and 204. What is there said is applicable to the instant case. We see no occasion to repeat it.

It is argued that the policy is a renewal of a previous policy; that when the original policy was issued the town was transporting WPA workers to another town to work on a unit WPA project in which the two towns were jointly interested, and that the policy was applied for and issued to protect the town against liability for injuries sustained by the workers while being so transported, for which the town would not be exempt from liability because it would not be performing a governmental function, as it is exempt when performing work on highways within the town. But as to this it is disputed by the members of the town board. The Insurance Company claims the policy is ambiguous as to coverage. The plaintiff claims not but claims that if it is the conversation between the parties when the policy was negotiated is admissible, under the rule of *Hammond v. Capital City Mut. F. Ins. Co.* 151 Wis. 62, 138 N. W. 92, and *Schwemer v. Fry,* 212 Wis. 88, 94, 249 N. W. 62, and that such testimony shows that the coverage intended was not as claimed by the Insurance Company, and that the court on such testimony so considered. That the trial judge so considered is shown by his statement in deciding the motions after verdict and his conclusion of fact is supported by the evidence. One thing is plain. The Insurance Company gave nothing whatever for the $150 annual premium it received unless the policy means as considered by the court.

*By the Court.*—The judgment of the circuit court is affirmed.