Rood and others, Respondents, vs. MERCHANTS INSURANCE COMPANY and others, Appellants.

*March 13—April 7, 1942.*

The cause was submitted for the appellants on the brief of *Wolfe & Hart* of Milwaukee, and for the respondents on the brief of *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison and *Vernon J. McHale* of Antigo.

FOWLER, J.   The case is an appeal from an order over-ruling a demurrer to a second amended complaint for insufficiency of facts.   It appears from the complaint that the plaintiffs are the title holder, its vendee under a land contract, and a mortgagee of an apartment building.   The defendants are four fire insurance companies that issued policies covering the building.   The policies contained a mortgage clause in the usual form.   A fire occurred during the term of the policies and proofs of loss were duly filed.   Not being able to agree on the amount of the loss the parties stipulated for arbitration and arbitrators and an umpire were duly appointed pursuant to the terms of the policies, to whom were submitted

three separate items of loss for determination, numbered (1), (3), and (5). The arbitrators determined the loss to be under (1) $34,056.24; under (5) $972.50; and under (3) $7,455.42. In the loss fixed under item (3) were included items also covered by item (1) amounting to $3,091. The losses fixed under items (1) and (5) were paid by the companies. The action is brought to recover the $4,364.42 of item (3) not included in the loss fixed under item (1) which the defendants have refused to pay. This sum represents part of the allowance made by the arbitrators for the additional cost of installations that were required to be made to make the repaired building conform to local ordinances, without which conformation a building permit for its repair could not be granted.

Whether the amount sued for is recoverable depends on the interpretation of the demolition clause of a rider attached to the policies, which must be construed in connection with the general coverage clause of the policies which excludes demolition costs. The appraisal agreement provided that any question of interpretation should not be determined by the arbitrators, but should be submitted to the circuit court for Dane county, within a time stipulated, which period has been duly extended by stipulation beyond the time of the commencement of this action. The prayer of the complaint is for recovery from each insurer of its proportionate part of the $4,364.42 in controversy in accordance with the prorating terms of the policies.

The amount sued for is attributable to portions of the building damaged by fire. The plaintiffs claim this amount accrued under the demolition clause of the rider. The defendants claim that the amount is not recoverable because the demolition clause of the riders only applies to demolitions attributable to portions of the building "not damaged by fire."

The general insuring clause of the policies provides for payments of losses—

"to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss and damage, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair."

The demolition clause of the riders are in all material respects the same. One of them is headed "Uniform Standard Wisconsin Form No. 15A (Edition May '31)." It reads as far as material as follows:

"In the interest of the insured the condition of this policy excluding loss occasioned by ordinance or law regulating construction or repair of building is hereby modified and in consideration of $49.70 additional premium, this company under this policy shall, in case of fire, be liable also for the loss or damage occasioned by the enforcement of any state or municipal law or ordinance which necessitates, in rebuilding, the demolition of any portion of the insured building not damaged by fire, but in no event shall the company be liable for any expense or reconstruction in excess of the actual value of the building, or any part thereof, prior to the loss or damage; the total liability for loss or damage as the result of all hazards insured against, not to exceed the total amount of this policy in effect at the time of loss, provided, that this company shall be liable only for such proportion of the loss or damage as the amount hereby insured bears to the whole amount insured thereon, whether such other insurance contains a similar clause or not."

Another is headed as follows: "Demolition Clause (Contingent Liability from Operation of Building Laws.)" A third is headed: "Demolition Clause." The fourth policy has no rider attached, but it is alleged that it was agreed and intended by the parties that the Uniform Standard Wisconsin Demoli-

tion Clause should be attached and that the additional premium required therefor was paid but that such rider was by mistake omitted and the omission not noticed.

The defendants claim that the demolition clause of the riders is unambiguous; that its effect is not to abolish but to modify the coverage clause of the policy; that it thus leaves the coverage clause unaffected except as to demolition costs attributable to portions of the building "not damaged by fire," and excludes such costs attributable to portions of the building damaged.

Mention has been made that the items in controversy are those included in finding (3) of the arbitrators' award that are not covered by finding (1). Finding (1) was made pursuant to directions to the arbitrators to set forth the actual cash cost of replacing or repairing the damaged parts of the building *but without allowance* for any increased cost "by reason of any ordinance or law regulating construction or repair." Thus in finding (1) the arbitrators included the item of $3,091 above mentioned, which was attributable to portions of the porch damaged by fire.

Finding (3) was made pursuant to direction to set forth by itemized statement the actual cash cost of making replacements or repair of *damaged* parts to make the building accord with ordinances regulating construction or repair of the building. This finding thus included items attributable to *damaged* portions of the building which were required by ordinance to conform to the building regulations to enable their repair.

Finding (5) was made pursuant to directions to set forth the actual cost of making replacement or repairs in portions of the building that were *not* damaged by fire that were required for conformance with building regulations imposed by ordinance in order to enable the repair of the building. The items thus allowed were for cutting openings into the wall of the building on the first, second, and third floors of the porch at the rear of the building and the basement leading to cor-

ridors and inserting doors therein, and for rear exit lights, aggregating $972.50. The appellants by their payment of this $972.50 conceded, and they repeat their concession in their briefs, that if an undamaged part of the building is required to be demolished and changed in order to make it conform to ordinance building regulations to entitle the owner to a building permit, demolition costs must be allowed for the demolition of this single demolition, but they claim that the demolition clause has no application to the building as a unit, or to the damaged rear porch thereof as a unit, but that the clause applies only to the demolition costs incident to the part not damaged. Thus the contention of the appellants is that if only the part of the wall adjacent to one floor of the porch that was required to be demolished in order to insert a door was damaged, the costs incident to this demolition and the installation of the door on this floor would not be allowable, and the amount recoverable for this would be limited to the value of the damaged part of the wall before the fire; while the cost incident to demolishing the walls of the other floors that were not damaged and to installation of the doors in these walls and the rear lights were recoverable; or if all the walls except on one floor were damaged at the point at which the doors were installed, none of the cost incident to the demolition of these walls and the installation of the doors therein would be recoverable, but the recovery would be limited to the value of the portion of the wall on the one floor that was not damaged. This seems to us to be an unreasonable interpretation. The fair inference to be drawn in such case seems to us to be that the demolition clause applies to the rear porch as a unit, and the costs incident to the demolition of all four walls and the installations of doors and lights are recoverable whether attributable to damaged or undamaged parts. And so of a building damaged in some parts and not in others. If demolition of parts must be made to entitle the owner to rebuild, he is entitled to those costs, subject only to the limitation

that no recovery over the sound value of the building before the fire or over the amount of the insurance can be recovered. That demolition costs incident to damaged parts of the building are recoverable in such case would seem to go without saying. The language of the demolition clause "The demolition of any portion of the insured building not damaged" implies that the costs incident to the demolition of the parts not damaged are *also* recoverable, not that such costs *only* are recoverable.

As above stated in construing the provision of the demolition clause as to costs incident to portions not damaged being recoverable there must be considered in connection with it both the opening part of this clause, "In the interest of the insured the condition of this policy excluding loss occasioned by ordinance or law regulating construction or repair of buildings is hereby modified" and the provisions of the coverage clause of the body of the policy. The question raised is what interest is the assured led to understand is covered by the demolition clause? It would seem that he naturally and reasonably would understand that he would be allowed for such increased costs as were necessary to repair injured portions of the building. More reason exists to expect demolition costs attributable to injured portions of the building would be allowed than those attributable to uninjured portions. If increased demolition costs are allowed in the interest of the assured they are allowed for his protection, and the allowance of such costs attributable to injured portions of the building are necessary to provide that protection. The inference naturally and reasonably would be that all such costs are recoverable. The obvious purpose of the demolition clause was to get insurance enough to enable the assured to pay for the costs of rebuilding caused by demolition and changes of portions of the building that were made necessary for conformance of the repaired building to building regulations provided by the ordinance. That being the obvious purpose, the provi-

sion should be construed to cover all such costs, those occurring in injured as well as those occurring in uninjured portions, unless the contrary clearly appears. Aside from demolition costs the only limitations to the amount of loss recoverable under the coverage clause of the policy is that it shall not exceed the total amount of the insurance granted, here some $66,000, and that it shall not exceed the sound value of the building when the fire occurred, here found by the arbitrators to be some $81,000. That such is the general view held is evidenced by the heading of the clause in one of the policies in suit. "Demolition Clause (Contingent Liability from Operation of Building Laws)." That this particular clause is open to the interpretation we have indicated seems manifest. Here exists a plain patent ambiguity and it is not contended that the other demolition clauses impose any less liability than this one. By the coverage clause of the body of the policy *all* increased costs due to demolition caused by necessary conformance to building regulations imposed by ordinance are excluded. The purpose of the assured in procuring the demolition rider is to avoid the effect of that exclusion clause. His intent is to avoid *all* that is excluded by that clause and his natural inference and understanding is that the granting of the rider does away with the exclusion clause, and provides for recovery of all demolition costs. To give it any less effect would be to trick the assured into thinking he gets something he does not get and into paying a premium for something he does not get. The insurance companies write these riders. Provisions in riders to insurance policies are to be construed in favor of the assured if they are ambiguous. *Lewis v. Insurance Co. of North America,* 203 Wis. 324, 326, 234 N. W. 499. And ambiguities may be latent as well as patent. Latent ambiguities arise when the circumstances under which the instrument was made show an intent or purpose inconsistent with strict language of the instrument itself. They arise when the object of the provision claimed to be ambiguous or the

subject matter to which it relates shows what the real meaning of the parties was. Many cases holding to this general effect are cited in 3 Words and Phrases (perm. ed.), pp. 312, 313, and 24 Words and Phrases (perm. ed.), pp. 301 to 304. In such cases the circumstances may be considered for their bearing on construction. The purpose being plain the language used will be construed not to defeat but to accomplish that purpose. The rule is applicable to insurance contracts as well as others. *Hammond v. Capital City Mut. F. Ins. Co.* 151 Wis. 62, 138 N. W. 92, which has been followed in numerous subsequent cases cited in Shepard's Citations, one as late as *Koepke v. Sass,* 239 Wis. 291, 1 N. W. (2d) 145.

*By the Court.*—The order of the circuit court is affirmed.

WICKHEM, J. (*concurring*). Except for the admissions implied by defendants' contentions, I would have supposed that the demolition rider clearly and unambiguously obligates defendants, (1) to demolish all undamaged portions of the building which must be razed to meet the requirements of building laws or ordinances; (2) to repair or reconstruct the demolished portion upon the same basis as the portions destroyed by fire and with the same limitations that are imposed in this respect by the exception clause of the policy.

There being no contention by defendants that this is the correct interpretation of the rider, I assume that it is not, and upon this assumption, I think it clear that the more limited contentions of the defendants have been properly disposed of by the opinion of the court.