HEATER, Appellant, v. FIREMAN'S FUND INSURANCE
COMPANY, Respondent.

*March 3—April 12, 1966.*

562

For the appellant there was a brief by *Phillips, Hoffman & Phillips* of Milwaukee, and oral argument by *N. Paley Phillips.*

For the respondent there was a brief by *Prosser, Zimmermann & Wiedabach* of Milwaukee, and oral argument by *J. R. Wiedabach.*

BEILFUSS, J. It is apparent from the memorandum opinion filed by the trial judge that the appellant made essentially the same argument to the trial court as has been made upon appeal.

The trial court's memorandum, in part, is as follows:

"It is evident from the complaint that the total disability of the plaintiff occurred prior to the issuance of the policy in question. The mortgage security insurance amendment rider to the accident policy, a copy of which is attached to the complaint, reads as follows:

"The definition of 'Sickness' as described in the policy is amended to read:

" 'Sickness' wherever used in the policy means sickness or disease causing loss covered by the policy and which loss commences while the policy is in force as to the Insured Mortgagor; provided, however, loss resulting from sickness or disease for which the Insured Mortgagor received treatment or a recommendation for treatment by a legally qualified physician or surgeon during the twelve-month period immediately prior to the effective date of coverage as to the Insured Mortgagor shall not be covered hereunder until the policy has been in force as to the Insured Mortgagor for twelve months. After the policy has been in force for twelve months as to the Insured Mortgagor loss commencing thereafter and resulting from sickness for which treatment was rendered or recommended during the twelve-month period immediately preceding the effective date of cov-

erage as to such Insured Mortgagor shall be covered hereunder.

"The claim of total disability is attributable to sickness covered under the primary policy related solely to 'sickness contracted and commencing after the effective date of this policy and resulting in loss covered by this policy.'

"It is contended by the plaintiff that the mortgage security insurance amendment rider, referred to above, broadens the concept of the term 'sickness' as set forth in the primary policy so as to include not only sickness which occurs subsequent to the issuance of the policy but also such illness as occurred prior to the issuance of the policy and continued on during the life of the policy.

"The plaintiff contends that the term 'loss' is susceptible of numerous definitions, and by reason thereof an ambiguity arises. While it is the established rule of law that any ambiguity in the terms of the policy must be construed against the insurer (Ryan vs. Friede, 18 Wis. (2d) 138; Rood v. Merchants Ins. Co., 240 Wis. 329), it does not lie within the power of the court to rewrite a contract of insurance which is unambiguous in its terms. The term 'loss' clearly relates to sickness or disease which causes total disability. It is clear under the unmistakable terms of the policy, to-wit: '. . . provided, however, loss resulting from sickness or disease for which the Insured Mortgagor received treatment or a recommendation for treatment by a legally qualified physician or surgeon during the twelve-month period immediately prior to the effective date of coverage as to the Insured Mortgagor shall not be covered hereunder until the policy has been in force as to the Insured Mortgagor for twelve months,' that any prior existing illness which caused disability was not to be covered under the terms of the policy. The rider to the policy further provides:

" 'After the policy has been in force for twelve months as to the Insured Mortgagor loss commencing thereafter and resulting from sickness for which treatment was rendered or recommended during the twelve-month period immediately preceding the effective date of coverage as to such Insured Mortgagor shall be covered hereunder.'

"It is evident from the allegations of the complaint that the loss commenced prior to the effective date of the

policy and not within the twelve-month period after the effective date of coverage. A loss sustained by the plaintiff by virtue of illness prior to the effective date of the policy is excluded under the plain and unambiguous language of the policy which forms the basis of this action."

We agree with the analysis and opinion of the trial court that the loss claimed by the plaintiff is excluded under the terms of the policy.

We think it appropriate to note that the language of the disputed rider is unnecessarily cumbersome, complex, and hard to read. In spite of these shortcomings, it does not follow that the language used is ambiguous. After a disciplined and careful reading, the meaning is clear and not subject to different interpretations. In order to avoid confusion and litigation of this kind an effort should be made to simplify the language of insurance contracts so that they may be more readily understood by the average purchaser.

*By the Court.*—Judgment affirmed.